### SPOONER v. DORN and another.

*(Circuit Court, N. D. Illinois. July 27, 1885.)*

1. PATENTS FOR INVENTIONS—NOVELTY—SPOONER BABY-JUMPERS.
    Patent No. 138,209, granted April 22, 1873, to Alvah F. Spooner, for an improved baby-jumper, *held* valid.
2. SAME—INFRINGEMENT—SPOONER AND RAYMOND BABY-JUMPERS.
    Patent No. 138,209, granted April 22, 1873, to Alvah F. Spooner, for an improved baby-jumper compared with the device constructed under the Raymond patent, and *held* infringed thereby.

In Equity.

*Manahan & Ward* and *Chas. H. Roberts,* for complainant.

*Saml. Kerr,* for defendant.

BLODGETT, J. The complainant in this case seeks an injunction and accounting against defendants for the alleged infringement of patent No. 138,209, dated April 22, 1873, issued to Alvah F. Spooner, for an "improvement in baby-jumpers." The leading feature of the device covered by this patent is an iron rod, to the lower end of which a wooden saddle is fixed, upon which the child is seated, and to which a band is fastened for the purpose of holding the child in place; said rod having a rearward curve above the band for the purpose of allowing free action of the child's head, or, in other words, so that the suspending rod shall not interfere with the head or upper part of the child's body. This rod is attached to the suspension straps in such a manner that the whole structure swings vertically, and the child, being seated in the saddle, and duly fastened by the waistband or straps, is enabled to use its feet and legs for the purpose of giving motion to the jumper.

The first claim of the patent is "the frame, *a,* formed of a half-round metal bar in the shape shown, with bend, *a,* and ring, *b,* and

the saddle, B, substantially as and for the purposes herein set forth."

The defendants deny infringement, and deny the validity of complainant's patent for want of novelty.

The defendant's device, which is constructed under a patent issued to one Raymond, consists of a seat, or saddle, suspended in a frame formed by a bifurcated or double wire or rod, curved substantially in the same manner as the single rod in the Spooner device; and it seems to me that it substantially embodies the principle and mode of operation shown in the Spooner patent. The saddle differs slightly from that shown by Spooner, but only to such an extent as to be allowed as a mechanical change, while the curvature or rearward bend of the suspending rod shown by Spooner is exactly imitated in the double suspending rod of the defendant.

Upon the question of novelty reference is made to a large number of prior devices, but an examination of them fails to disclose any device embodying in principle the backward-curved suspension rod of the Spooner patent; and, from the proof, I feel compelled to say that Spooner seems to have been the first to adopt this mode of suspending the device for seating the child. That the defendant's device, under the Raymond patent, is more ornate than the simple and plain device shown in the complainant's patent, is probably true, and possibly the Raymond device might have been entitled to a patent as an improvement upon that of complainant; but it manifestly appropriates the essential feature and elements of the complainant's patent. I must therefore find for the complainants, and direct a reference to a master to take an account of damages.